ONeall, J.
delivered the opinion of the Court.
The sale and delivery of goods by a merchant or shop-keeper, may be proved in one of two ways: 1st. By proof of a sale and delivery, by a witness who proves that he saw it made, or by the admissions of the party to be charged. 2dly. By the adduction in Court, and proof of the original entries. As I understand the report of the presiding Judge, it was not attempted to prove by a witness from his recollection, a sale and delivery; but to prove the account sued on, by proving that it was a true copy from the original entries, made by the different witnesses. In order to permit this evidence to be given, the plaintiffs’ books ought to have been produced: for the original entries when proved, are the evidence of the sale and delivery of the goods charged in the account. The defendant has the right to inspect *396 them in Court, and attack their credit for any want of regularity or fairness apparent on the books themselves.
But on the 17th June, 1825, the plaintiffs furnished to the defendant his account current, amounting to $343.12. On the 25th of the same month the defendant remitted them $300, and promised to pay them the balance. In December, 1825, the assignees of the plaintiffs furnished to the defendant another statement of his account, and requested payment; and on the 18th of the same month, defendant replies, excusing himself for not paying, from some accidental circumstances, but reiterating his promise to pay the balance. In that letter he disputes the correctness of two items in the last account furnished by the assignees, and fixes the true amount to be the very sums charged in the account furnished by the plaintiffs on the 17th June, 1825. So that it would appear, that the defendant had the plaintiffs’ account before him in both June and December; and on each of these occasions promised to pay the balance. If ho had not intended to pay the interest, which constituted a part of the account, his remittance of $300, overpaid the principal sum ; and there would have been no balance due to the plaintiffs, which he could have promised to pay. As a general rule, a party is not liable to pay interest on a merchant’s account; but if he promise to do so, the promise is good and binding, and upon it the interest may be recovered. In looking into the account, I perceive that the greater part of it is for money advanced by the plaintiffs as the defendant’s factors. On payments or advances so made, interest is allowed as of course. Sollee & Warley v, Meugy, 1 Carolina Law Journal, 141. But it is not necessary to resort to this principle to fix the defendant for the interest charged, in this case. It is charged in, and forms part of his account furnished to him, on which he makes a payment exceeding the principal sum by about $16, and at this time, and six moths after, with the account before him he promises to pay the balance. What balance 1 The balance of the account including the interest is the answer. It would indeed be tasking credulity too highly to say, that this was not a promise to pay the interest charged in the account.
It is said however, that this was a mere matter of fact for the jury, on which they have passed, and the presiding Judge is satisfied with their verdict. True, it is a matter resting altogether *397 on evidence, but the evidence is all on one side. The defendant’s own letters proved the plaintiffs’ case, and to them there was nothing opposed. If there had been any evidence questioning their genuineness, or weakening their effect, by showing a mistake, or that they might have bad reference to some other account; we would not have interfered with the verdict; especially if it had received the approbation of the presiding Judge. But if a jury find a verdict without evidence, the certificate of the presiding Judge that he has “ no reason to find fault with it,” «annot sustain it.
The motion for a new trial is therefore granted.